IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE MILES, | No. C-06-1295 MMC |
| Plaintiff, | **ORDER VACATING ORDER STRIKING THIRD AMENDED COMPLAINT; REMANDING ACTION** |
| v. | |
| ROYCE MAKISHIMA, et al., | |
| Defendants. | |

At the June 30, 2006 case management conference, the Court afforded plaintiff leave to file an amended complaint no later than September 1, 2006.  (See Docket No. 31.) Plaintiff did not file her Third Amended Complaint until September 5, 2006, thus failing to comply with the deadline previously imposed by the Court.  In an order filed September 5, 2006, the Court struck plaintiff's Third Amended Complaint without prejudice.

On September 11, 2006, plaintiff filed a declaration setting forth the reasons for her failure to comply with the filing deadline.  The Court finds plaintiff has set forth good cause for her failure to file her Third Amended Complaint by September 1, 2006, and, accordingly, VACATES its September 5, 2006 order striking the Third Amended Complaint.

1  In the Third Amended Complaint, plaintiff has dropped all of her federal causes of
2 action.  There is no allegation of diversity of citizenship.  Where, as here, the Court's
3 jurisdiction is based on a federal question, the Court may decline to exercise supplemental
4 jurisdiction over state law claims where all of the claims over which it has original
5 jurisdiction have been dismissed.  See 28 U.S.C. § 1367(c)(3).  "[I]n the usual case in
6 which all federal-law claims are eliminated before trial, the balance of factors to be
7 considered under the pendent jurisdiction doctrine -- judicial economy, convenience,
8 fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining
9 state-law claims."  Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988).
10 Here, there is no reason to continue to exercise supplemental jurisdiction over plaintiff's
11 remaining state law claims, and the Court declines to do so.
12  Accordingly, the instant action is hereby REMANDED to the California Superior
13 Court for the County of San Mateo.
14  The Clerk shall close the file.
15  **IT IS SO ORDERED.**
16 Dated: September 25, 2006                              MAXINE M. CHESNEY
17                                                                           United States District Judge

2